NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE T. SMITH, | No. 16-15193 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00373-RCJ-WGC |
| v. | |
| RENEE BAKER, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Nevada state prisoner Willie T. Smith appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from the seizure of his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Smith's procedural due process claim regarding the confiscation of his mail because Smith's allegations demonstrate that defendants provided him with notice and an opportunity to appeal to an independent official. *See Procunier v. Martinez*, 416 U.S. 396, 418-19 (1974) ("[T]he decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards."); *Krug v. Lutz*, 329 F.3d 692, 696 (9th Cir. 2003) (prisoners have a right to two-level review of mail restrictions).

The district court properly dismissed Smith's equal protection claim because Smith failed to allege facts sufficient to show that he was discriminated against because of his membership in a protected class or that he was treated differently than similarly situated individuals without a rational basis. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for equal protection claim based on membership in protected class).

However, dismissal of Smith's First Amendment claim against Doe 1 and Doe 2 regarding the confiscation of his incoming mail was premature because

2                                                                    16-15193

Smith's allegations that defendants seized and withheld his mail without a legitimate penological interest, liberally construed, are sufficient to state a claim. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-19 (1989) (setting forth factors for evaluating a First Amendment claim relating to the regulation of incoming mail). Accordingly, we reverse the judgment regarding the First Amendment claim against Doe 1 and Doe 2 and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Smith's request for remand to a different district court judge or remand with instructions for the district court to appoint pro bono counsel, set forth in his opening brief, are denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

16-15193